UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELANGELO R. JOHNSON,            )
                                 )
          Plaintiff,             )   Case No. 1:06-cv-145
                                 )
v.                               )   Honorable Gordon J. Quist
                                 )
MITCHELL VROMAN et al.,          )
                                 )
          Defendants.            )
_____)

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.    <u>Factual allegations</u>

Plaintiff is presently incarcerated at Oaks Correctional Facility but complains of events that occurred while he was housed at the Bellamy Creek Correctional Facility (IBC). In his *pro se* complaint, he sues IBC employees Mitchell Vroman, Resident Unit Manager; C. Stoddard, Deputy Warden; and (Unknown) Rose, Case Manager.

Plaintiff claims that on October 30, 2004, a staff member issued a misconduct report against Plaintiff alleging that Plaintiff had placed a three-way telephone call constituting (1) a major misconduct of "Destruction or Misuse of Property with value of $10 or more," and (2) a violation of MICH. DEP'T OF CORR., Policy Directive 05.03.130, prisoner telephone use[1]. On November 2, 2004, Plaintiff was advised that his telephone privileges were restricted pending the outcome of the major misconduct charge. On November 22, 2004, a hearing on the major misconduct report was held before Hearing Officer J. Spurgis. After listening to the audio tape of the telephone conversation, Hearing Officer Spurgis dismissed the major misconduct charge, finding the evidence was insufficient to sustain the charge. Later the same day, Plaintiff received a notice stating that an administrative hearing had been held on November 18, 2004, before Case Manager D. Gallagher on the issue of "Telephone Restriction for Abuse of Telephone Privileges." Based upon the same facts presented to Hearing Officer Spurgis, but without the benefit of the audio tape, Case Manager Gallagher determined that Plaintiff had made a three-way telephone call in violation of Policy Directive 05.03.130, and recommended that Plaintiff's telephone privileges be restricted for a period

---

[1]The Policy Directive provides examples of telephone abuse, including "[m]aking three-way telephone calls or using call-forwarding to reach a telephone number other than that which was called." MICH. DEP'T OF CORR., Policy Directive 05.03.130 ¶ FF(8).

of time to be determined by the Warden. Plaintiff was not present nor had he received notice of the administrative hearing held on November 18. Defendant Stoddard subsequently placed Plaintiff on restricted telephone use for six months, from November 1, 2004 to May 1, 2005.

Plaintiff claims that Defendants violated his due process rights by continuing the telephone restrictions after his major misconduct charge had been dismissed. For relief, Plaintiff requests a declaratory judgment, compensatory and punitive damages, and an injunctive order directing Defendants to remove from his institutional file any record showing that he was sanctioned for the misconduct report that was dismissed.[2]

## II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of

---

[2]Under the PLRA, "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff filed a Step I grievance, and proceeded through Step III. However, he failed to name a specific person at Step I of the grievance process. "[F]or a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones,* 321 F.3d 569, 575 (6th Cir. 2003). Plaintiff's failure to show that he named the Defendants in his Step I grievance alone precludes a finding of exhaustion. *Id.* at 576 n.4. However, courts need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Due Process Clause of the Fourteenth Amendment provides that no state "shall deprive any person of life, liberty, or property without due process of law." U.S.C.A. Const. Amend. 14. Thus, the Constitution is implicated only if a person is deprived of an interest protected by the Due Process Clause. The Supreme Court has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Hewitt*, 515 U.S. 472 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (holding that 30-day confinement in segregation did not present such atypical hardship as to create liberty interest); *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000) ("Green had no due process liberty interest in the minor misconduct hearing because he did not allege any punishment that affected the duration of his confinement, or that constituted an atypical and significant hardship.").

Plaintiff suffered no loss of good time credits as a result of the finding that he abused his telephone privileges, and a six-month restriction on telephone privileges does not amount to an atypical or significant hardship in relation to the ordinary incidents of prison life that would trigger the protection of the due process clause. *See*, *e.g.*, *Boriboune v. Litscher*, 91 F. App'x 498, 500

(7th Cir. 2003) (short-term loss of telephone privileges and disciplinary segregation implicated no liberty interest and triggered no due process protection); *Blum v. Fed. Bureau of Prisons*, No. 98-1055, 1999 WL 638232, at *3 (10th Cir. Aug. 23, 1999) (protected liberty interest not triggered by restrictions on store privileges, telephone calls, and access to a radio during disciplinary segregation); *Larue v. Blodgett*, No. 95-35936, 1996 WL 228497, at *1 (9th Cir. May 6, 1996) (temporary loss of telephone privileges, possession of a radio and visitation did not meet *Sandin* requirements); *Schmitt v. Mulvey*, No. 04-10717, 2006 WL 516755, at *3 (D.Mass. Mar. 1, 2006) (loss of television, radio and telephone privileges for a couple of months does not amount to an atypical and significant hardship); *Reyes v. Nash*, No. 05-2136, 2006 WL 361387, at *6 (D.N.J. Feb. 15, 2006) (loss of telephone privileges and disciplinary segregation are not atypical and significant hardships); *Castleberry v. Acker*, No. 05-cv-74271, 2006 WL 250019, at *2 (E.D. Mich. Jan. 31, 2006) (loss of telephone privileges for twenty-four months is not an atypical and significant hardship); *Dumas v. Garnett*, No. 05-210, 2006 WL 149002, at *4 (S.D. Ill. Jan. 19, 2006) (inmates have no liberty interest in telephone privileges); *Rogers v. Justice*, No. 5:05-cv-65, 2005 WL 2860989, at *1 (E.D. Tex. Oct. 31, 2005) (loss of commissary, telephone and visiting privileges does not trigger due process protection); *Harmon v. Buss*, No. 3:05-cv-0060, 2005 WL 2045776, at *1 (N.D. Ind. Aug. 24, 2005) (loss of telephone privileges does not implicate a liberty interest).  Accordingly, Plaintiff has failed to state a claim upon which the Court could grant relief.[3]

---

[3] In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's First Amendment right of access to the courts. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999).  Although Plaintiff has not raised a First Amendment access to the courts claim, the Court notes that while his telephone privileges were restricted he was permitted to telephone any attorney on his call list, the State Appellate Defenders' Office, Michigan Appellate Assigned Counsel System, American Friends Service Committee, and Prison Legal Services of Michigan.  *See* Compl. Ex. L p.5.  Thus, Plaintiff's right of access to the courts was not compromised by the restrictions placed on his telephone privileges.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  April 19, 2006                              /s/ Gordon J. Quist
                                                                       GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE